# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STATE OF LOUISIANA** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-mc-1323** |
| **ERROL VICTOR, SR. AND TONYA S. VICTOR** | **SECTION I** |

## ORDER

Before the Court is a petition and notice[1] of removal filed by petitioners, Errol Victor, Sr. and Tonya S. Victor. The petition seeks to remove a state criminal prosecution against them to this federal court pursuant to 28 U.S.C. § 1443.

28 U.S.C. § 1443 allows removal of certain civil actions and criminal prosecutions if a person is denied or cannot enforce in state court a right under any law providing for equal civil rights; however, caselaw instructs that the right denied must arise under a federal law "providing for specific civil rights stated in terms of racial equality." *Williams v. Mississippi*, 608 F.2d 1021, 1022 (5th Cir.1979) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975)). In addition, "it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specific federal rights in the courts of [the] state." *Williams*, 608 F.2d at 1022 (citations omitted). Failure to satisfy this additional requirement is fatal. *Id*.

Petitioners have neither claimed nor provided any basis for predicting that they cannot enforce their federal rights in state court. Since failure to satisfy this requirement is itself fatal to removability, the Court need not address whether petitioners have alleged denial of a right arising under a federal law providing for specific civil rights stated in terms of racial equality.

---

[1] R. Doc. No. 1.

The Court further notes that this case is subject to dismissal under the *Younger* abstention doctrine. "It is axiomatic that federal courts must be assured of their jurisdiction and may question it *sua sponte* at any stage of a proceeding." *Franklin v. State of Louisiana*, 2001 WL 43547, *1 (5th Cir. January 8, 2001) (citing *In re Bass*,171 F.3d 1016, 1021 (5th Cir.1999)). It is well-settled that federal courts should not interfere with ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 7646, 27 L.Ed.2d 669 (1971). The *Younger* abstention doctrine "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil or administrative character." *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993), cert. denied, 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d (1993).

Because the State of Louisiana has an active case pending against the petitioners, assumption of jurisdiction by this Court would interfere with pending state criminal prosecutions. The petitioners have not pled circumstances that would require this Court to depart from the general rule of abstention.

As no legitimate statutory basis for removal is cited,

**IT IS ORDERED** that the petition and notice of removal is **DISMISSED** and remanded to the state court from which it was removed.

New Orleans, Louisiana, August 19, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**